**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| H.C., | No. CV-25-01648-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| La Petite Academy Incorporated, et al., | |
| Defendants. | |

Before the Court is Plaintiff Jane Roe's motion to remand (Doc. 7), which is fully briefed[1] (Docs. 11, 14). For the following reasons, the Court grants the motion.

**I.   Background[2]**

This case is the second brought by Plaintiff, a student at Defendant La Petite Academy, Inc. ("La Petite"), arising from allegations of sexual assault and battery by a fellow student, identified as John Roe.

Plaintiff first filed suit against La Petite and Does 1–50 in Arizona state court, alleging that the defendants' negligence led to the sexual assault. (Doc. 1-2 at 13.) That complaint referred to a La Petite employee named "Miss Janice" and to the "Director of La Petite Tempe," but did not name either as defendants. (*Id.* at 16.) Plaintiff is a citizen of

---

[1] Oral argument is denied because the motion is adequately briefed, and oral argument will not help the Court resolve the issues presented. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f).
[2] The following facts are drawn from the allegations in the Complaint (Doc. 1-7 at 11–24) and the notice of removal (Doc. 1).

Arizona, and La Petite is incorporated in Delaware with a principal place of business in Michigan. (*Id.* at 2.) The amount in controversy exceeds $75,000. (*Id.*) La Petite therefore removed that first case to federal court based on diversity jurisdiction. (Doc. 1-3 at 3.)

During a conferral, La Petite's counsel told Plaintiff's counsel of its intent to move to dismiss the case. (Doc. 1 at 2.) Plaintiff's counsel asked whether La Petite would stipulate to the joinder of "La Petite Academy of Tempe," but La Petite declined. (*Id.*) La Petite then moved to dismiss the case, and Plaintiff filed a notice of voluntary dismissal without prejudice. (Docs. 1-4 at 2; 1-5 at 2.) The Court dismissed the action and denied La Petite's motion as moot, and the Clerk of the Court entered judgment of dismissal without prejudice. (Doc. 1-6 at 2.)

A couple days later, Plaintiff filed the present suit, virtually identical to the first, but she added as defendants Janis[3] Hampton and Jennifer Soreghen who, at the relevant time, were a teacher at and the director of La Petite, respectively. (Doc. 1-7 at 11–24.) The Complaint alleges that Plaintiff, Hampton, and Soreghen are citizens of Arizona. (*Id.* at 12–13.) Thus, on its face, the suit lacks the complete diversity required for removal jurisdiction. Nevertheless, La Petite again removed the case to federal court. La Petite argues that the Court has subject matter jurisdiction because Plaintiff added Hampton and Soreghen "in bad faith, solely for the purpose of defeating diversity jurisdiction, and the claims against [them] are meritless." (Doc. 1 at 4.) In other words, La Petite argues that Hampton and Soreghen were fraudulently joined in the action to preclude removal jurisdiction. The same day it removed the case to federal court, La Petite moved to dismiss the case for failure to state a claim under Rule 12(b)(6). (Doc. 4.)

**II.     Legal Standard**

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The removal statute allows defendants to remove to the appropriate federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]" 28 U.S.C. § 1441(a). And "district

---

[3] Plaintiff made a typographical error in the caption, naming "Janish Hampton," but all parties agree the real defendant is named Janis Hampton.

courts . . . have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . citizens of different States." *Id.* § 1332(a)(1). Thus, a defendant may remove to federal court a case filed in state court where diversity jurisdiction exists.

Even where the plaintiff sues non-diverse defendants, the defendants may remove the case to federal court if the non-diverse defendants were fraudulently joined. Fraudulent joinder exists where "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state[.]" *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). Still, the removal statute is strictly construed against removal jurisdiction. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to the state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus*, 980 F.2d at 566). "Merely to traverse the allegations upon which the liability of the resident defendant is rested, or to apply the epithet 'fraudulent' to the joinder, will not suffice: the showing must be such as compels the conclusion that the joinder is without right and made in bad faith[.]" *Chesapeake & O.R. Co. v. Cockrell*, 232 U.S. 146, 152 (1914). "Where fraudulent joinder is an issue, . . . '[t]he defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent.'"[4] *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (quoting *McCabe*, 811 F.2d at 1339).

**III.   Analysis**

La Petite claims that Plaintiff fraudulently joined the two non-diverse defendants, Hampton and Soreghen. "There are two ways to establish fraudulent joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse part[ies] in state court.'" *Grancare, LLC v. Thrower*

---

[4] The Court thus takes judicial notice of the pleadings from the previous lawsuit, which were attached as exhibits to the notice of removal. Fed. R. Evid. 201(b)(2); *see also Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001).

*by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (quoting *Hunter*, 582 F.3d at 1044). "There is a presumption against fraudulent joinder[.]" *Hermalyn v. DraftKings, Inc.*, No. 2:24-cv-009970-MCS-E, 2024 WL 944260, at *1 (C.D. Cal Feb. 8, 2024). The defendant bears a "heavy burden of persuasion" to show it. *Hunter*, 582 F.3d at 1046. "Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

La Petite recounts the "procedural history of this litigation" as an attempt to show fraudulent joinder by the first method. (Doc. 11 at 5.) La Petite urges the Court to consider (1) the prior suit, (2) the conferral, and (3) Plaintiff's decision to file a new suit rather than amend her original complaint, all as evidence of Plaintiff's alleged motive and intent in joining Hampton and Soreghen. "But the governing fraudulent joinder standard does not factor a plaintiff's intent . . . . The Ninth Circuit has in fact deemed immaterial a plaintiff's motive for joining a defendant." *Crist v. Medtronic, Inc.*, No. 21-00162 JAO-RT, 2021 WL 2772555, at *3 (D. Haw. July 2, 2021) (citing *Albi v. St. & Smith Publ'ns, Inc.*, 140 F.2d 310, 312 (9th Cir. 1944)). In fact, "Plaintiff has every right to structure and implement suit such that diversity does not exist, and to do so with the intention of reaching that result[.]" *Kimbrough v. Wyeth*, No. CV-S-04-0819-RLH (PAL), 2004 WL 7385976, at *2 n.3 (D. Nev. Nov. 8, 2004).

La Petite does not dispute the citizenship of Hampton, Soreghen, Plaintiff, or her mother. Nor does it assert that Plaintiff made a misrepresentation about either defendant's citizenship in her Complaint. It has not shown any fraud *in the pleading of jurisdictional facts*.

As for the second method, La Petite argues that Plaintiff failed to "allege sufficient facts" to state a claim against Hampton or Soreghen. (Doc. 11 at 7.) But fraudulent joinder is not measured by the Rule 12(b)(6) plausibility standard because fraudulent joinder is a "jurisdictional inquiry" and not "an adjudication on the merits." *Grancare*, 889 F.3d at 549. La Petite must show that the "individuals joined in the action cannot be liable on *any* theory." *Ritchey*, 139 F.3d at 1318 (emphasis added). This standard is less demanding than

the Rule 12(b)(6) plausibility standard. Indeed, "if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court." *Hunter*, 582 F.3d at 1046 (emphasis added) (citation omitted); *see also Grancare*, 889 F.3d at 549 ("[W]e have previously framed the test in terms of an 'obvious' failure to state a claim.").

La Petite fails to show fraudulent joinder under the second method. Plaintiff claims Hampton and Soreghen both breached duties of care to her, leading to her injuries. Without reaching the merits of Plaintiff's claims, there is at least a *possibility* she could recover on one of them. Contrary to La Petite's contention, Plaintiff properly pleads the elements of her negligence claims—duty, breach, causation, and harm, *Sanders v. Alger*, 394 P.3d 1083, 1085 (Ariz. 2017)—against all Defendants.

Plaintiff alleges breaches of Arizona common law and statutory duties. *See, e.g.*, *Stanley v. McCarver*, 92 P.3d 849, 851 (Ariz. 2004) (recognizing common-law duty arising from special relationships); *Avitia v. Crisis Preparation & Recovery Inc.*, 536 P.3d 776, 781 (Ariz. 2023) (recognizing statutory duty of certain persons to report abuse of a minor). Plaintiff alleges Hampton and Soreghen owed a duty to Plaintiff by means of their special relationship to her. (Doc. 1-7 at 16.) They breached that duty by failing to protect her from a known risk of harm while she was in their exclusive care and control and by failing to investigate prior reports of John Roe's sexual misconduct, which in turn caused her injuries. (*Id.* at 16–18.) Plaintiff also alleges that Hampton and Soreghen were on notice of John Roe's propensity to harm because Hampton received several reports of similar situations and that La Petite had this information about him on file. (*Id.* at 14). Because they were on notice and failed to uphold a statutory duty to report the incidents, they breached a duty to her, which resulted in injury. (*Id.* at 21–22). Plaintiff pleads straightforward negligence claims against Hampton and Soreghen.

In arguing otherwise, La Petite takes issue with "hearsay comments" and "conclusory allegations" in the Complaint. (Doc. 11 at 7.) Some of Plaintiff's allegations

are based on information her mother heard from others, but this is acceptable. Allegations are not evidence, and evidentiary rules, including the hearsay rule, do not apply to them. *See United States v. 1992 Team Warlock 28' World Twin Hull Speedboat*, 875 F. Supp. 652, 654 (D. Ariz. 1994). The Court will not disregard an allegation because it is just that—an *allegation* based on information and belief.

La Petite claims the following allegations in the Complaint are "conclusory": Hampton and Soreghen "permit[ted] unsupervised one-on-one interactions between Plaintiff and John Roe"; Hampton and Soreghen "fail[ed] to report suspected sexual contact of other students by John Roe"; Hampton and Soreghen "fail[ed] to investigate the allegations of sexual contact by John Roe"; and Hampton and Soreghen "permit[ted] John Roe to continue to interact with other enrollees knowing of his propensity to make sexual contact with other kids[.]" These allegations are not the kind of "bare assertions . . . amount[ing] to nothing more than a 'formulaic recitation of the elements'" of Plaintiff's negligence claims. Instead, they outline *how* Hampton and Soreghen breached their alleged duties to Plaintiff. They are the kind of factual allegations this Court looks for when testing the sufficiency of a complaint on a Rule 12(b)(6) motion, so they suffice to show a possibility of relief.[5]

La Petite shows no obvious bar to Plaintiff's recovery. It offers no authority to show, for instance, that a plaintiff who seeks to hold an employer liable for its employees' negligence forfeits any claim against the individual employees. *Cf. McCabe*, 811 F.2d at 1339 (affirming fraudulent joinder finding where resident defendants' conduct was privileged, so no wrongful discharge claim could be stated against them).

In fact, La Petite's fraudulent joinder challenge resembles that of the defendants in *Chesapeake & O.R. Co.* There, the plaintiff estate sued a railway company and two of its employees for the intestate's wrongful death in state court, and the defendants petitioned

---

[5] The Court also notes that any shortcomings in the Complaint are not insurmountable; they are curable by granting Plaintiff leave to amend. *Grancare*, 889 F.3d at 550 (holding that courts dealing with fraudulent joinder challenges must consider whether a deficiency in the complaint could possibly be cured by granting the plaintiff leave to amend).

- 6 -

for removal based on fraudulent joinder of the non-diverse employees. 232 U.S. at 149–50. The state court denied the petition for removal, and the case proceeded to trial, resulting in judgment against the railway company. *Id.* at 150. Noting no dispute that the defendant-employees were the ones operating the train that caused the injury, the Supreme Court concluded that the defendants' fraudulent joinder "showing amounted to nothing more than a traverse of the charges of negligence, with an added statement that they were falsely or recklessly made and could not be proved as to the [employees]." *Id.* at 153. And because the railway company's vicarious liability depended on whether the employees were negligent, a challenge to the joinder of the employees "manifestly went to the merits of the action as an entirety[.]" *Id.*

Like the plaintiff in *Chesapeake & O.R. Co.*, Plaintiff seeks to hold La Petite vicariously liable for the negligence of its employees, Hampton and Soreghen. La Petite does not dispute that Hampton and Soreghen were La Petite employees or that they were responsible for Plaintiff's care during the relevant time. La Petite only argues that the Complaint's allegations are conclusory or untrue. La Petite's arguments "amount[] to nothing more than a traverse of the charges of negligence[.]" *Chesapeake & O.R. Co.*, 232 U.S. at 153. Whether Plaintiff's claim is strong or whether her allegations plausibly state a claim for relief is not for this Court to decide.

La Petite fails to show Plaintiff fraudulently joined the non-diverse defendants by either method. The Court therefore must remand the case to state court.

**IT IS ORDERED** that Plaintiff's motion to remand (Doc. 7) is **GRANTED**. The Clerk is directed to remand this matter to the Maricopa County Superior Court.

Dated this 30th day of June, 2025.

Douglas L. Rayes
Senior United States District Judge

- 7 -